UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KELLY C. HEYDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: |
| | ) |
| SCHNEIDER ELECTRIC USA, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Comes now Plaintiff by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Kelly C. Heyde, a resident of Huntington, Indiana who worked for Defendant, Schneider Electric USA, Inc., from about August 12, 2004 to January 29, 2020 at which time she was terminated on account of her disability and because she utilized medical leave, as in more specifically spelled out in her Charge of Discrimination No. 470-2020-01928, which is attached hereto and made apart hereof as Exhibit A.  The Equal Employment Opportunity Commission's Dismissal and Notice of Rights is attached hereto as Exhibit B, and this Complaint has been filed within ninety (90) days after receipt thereof.

2. The Defendant is Schneider Electric USA, Inc., is a corporation authorized to do business in the State of Indiana and does so at 6 Commercial Road, Huntington, Indiana 46750.  "Schneider's" registered agent is Corporation Service Company 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  Schneider is an "employer" for purposes of the American's With Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA"), as subsequently amended, as well as the Family Medical

    Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), as amended.

3. Plaintiff contends that she was discriminated against on the basis of her disability (substantial impairments to her everyday life activities, walking, bending, lifting -- all from a failed back surgery, culminating in a surgically implanted stimulator and intense pain).

4. Plaintiff attempted to get medical leave under the FMLA by utilizing Defendant's third-party FMLA processor, Reed Group.

5. Plaintiff attempted to engage in the interactive process so as to obtain the reasonable accommodation of getting time off work so that she could rehabilitate and return to work.

6. However, Defendant maintained that it never received Plaintiff's doctor's slip for the medical leave for December 30, 2019 through January 2, 2020, and Defendant insisted that a three (3) day leave could not be used with holidays, and therefore, her FMLA leave was not accepted, and Plaintiff was terminated, even though she was never told that she could not use leave over a three (3) day holiday.

7. Plaintiff was terminated on or about January 29, 2020, because Plaintiff's request for medical leave was not approved.  The Reed Group told Plaintiff on or about February 25, 2020 that they had accepted her leave request and that Schneider could have elected to accept the leave, but instead Schneider had rejected her medical leave.

8. Schneider did not give Plaintiff time to cure any defects in her request for medical leave, contrary to the FMLA regulations.  Instead, Defendant denied Plaintiff the request for reasonable accommodations under the ADA, retaliated against the Plaintiff for engaging in the interactive process and requesting accommodations under

the ADA, and retaliated against the Plaintiff and interfered with her job for asking for medical leave under the FMLA.

9. The actions of the Defendant were intentional and in reckless disregard of Plaintiff's federally protected civil rights under the ADA and the FMLA.

10. Defendant's discriminatory and retaliatory termination of the Plaintiff caused Plaintiff to lose her job and job-related benefits including income. Plaintiff also experienced humiliation, embarrassment, inconvenience, financial distress, mental anguish, emotional distress, and other damages and injuries for which Plaintiff seeks compensatory damages. Plaintiff seeks punitive damages and liquidated damages.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, for backpay, front pay, compensatory damages, punitive damages, liquidated damages, reasonable attorney fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:   cmyers@myers-law.com
*Attorney for Plaintiff*